### UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHARLES ARMSTRONG and PEEWEE CRAB CAKES ON THE GO LLC** | |
| **Plaintiff,** | **CIVIL ACTION NO.** |
| **Versus** | **JUDGE** _____ |
| **ANEKA ARMSTRONG and HOUSE OF MEOW BOUTIQUE, LLC** | **MAGISTRATE** _____ |
| **Defendants** | |

### <u>ORIGINAL COMPLAINT AND DEMAND FOR TRIAL BY JURY</u>

**PEEWEE CRAB CAKES ON THE GO LLC and CHARLES ARMSTRONG** ("Plaintiffs"), through undersigned counsel, allege the following in support of their Complaint against Defendants, **ANEKA ARMSTRONG and HOUSE OF MEOW, LLC** ("Defendants"), for trademark infringement, unfair competition, false designation of origin, breach of contract, cancellation of trademark registration, civil fraud, breach of fiduciary duty and cybersquatting.

### PARTIES

1.     Plaintiff, Peewee Crab Cakes On The Go LLC, is a Louisiana Limited Liability Company, with its principal place of business at 2908 Martin Luther King, Jr. Blvd., New Orleans, Louisiana.

2.     Plaintiff, Charles Armstrong, is a resident of Kenner, Louisiana.

3.     Upon information and belief, Defendant, Aneka Armstrong is a resident

1

of the State of Texas.

4.     Upon information and belief, Defendant, House of Meow Boutique LLC, is a Texas limited liability company with its principal place of business in Hewitt, TX.

## JURISDICTION AND VENUE

5.     This is an action for trademark infringement, unfair competition, false designation of origin, and cancellation of a U.S. trademark registration; therefore, this Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. §1121 and 28 U.S.C. §1338(a) and (b). This Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367(a) with respect to the state law claims asserted herewith.

6.     This Court has personal jurisdiction over Defendants because they are transacting business in this State and have caused harm or tortious injury in this State by acts within this State. Upon information and belief, Defendants are currently advertising, offering, and providing services under an infringing mark within the Eastern District of Louisiana and made false representations to the Louisiana Secretary of State in a business filing.

7.     Venue in this District is proper under 28 U.S.C. §1391(b)-(d). A substantial part of the acts complained of herein is occurring or has occurred in this District.

## FACTUAL BACKGROUND

### Plaintiffs' Business

8.     Plaintiff, Charles "PeeWee" Armstrong ("Charles"), is the manager and sole member of Plaintiff Peewee Crab Cakes On The Go LLC ("The LLC") which he formed on December 27, 2018.

2

9.     Charles' nickname has been "Peewee" since he was a small child, and most of his peers and customers know him more as "Peewee" than Charles.

10.    Charles began his culinary career working as a fry cook at Copeland's Cheesecake Bistro in the early 2000s and quickly advanced to a supervisory position training franchise employees. When Hurricane Katrina devastated the New Orleans area, he relocated to Baton Rouge where continued training franchise employees for Copeland's.

11.    In 2007, Charles became the executive chef for Catch 22 Seafood Market and Grill in Dallas, Texas until 2016 when he returned to New Orleans to work as a sous chef in a local restaurant.

12.    Around June 2018, Charles left the restaurant and established a catering/food delivery business offering crabcakes, gumbo and similar seafood under the trademark and trade name "PEEWEE'S CRAB CAKES ON THE GO ("The Trademark")." His featured and most popular item was crabcakes, which was prepared using a secret, proprietary recipe that he developed.

13.    Shortly after Charles launched the catering business, its popularity and public demand for his proprietary crabcakes soared. Therefore, around September or October 2018, he moved into On Faith Donut Shop located at 2908 Martin Luther King Jr. Blvd., New Orleans, LA 70113, where he operated a seafood takeout business under the "PEEWEE'S CRAB CAKES ON-THE-GO" trademark.

14.    While operating out of the donut shop, he simultaneously operated a weekend popup restaurant under the "PEEWEE'S CRAB CAKES ON THE GO" trademark at the CBD Social Club in New Orleans, Louisiana.

3

15.     Near the end of 2018, Charles wanted to expand his business to include a dine-in option in addition to his takeout business and opened a fulltime restaurant in the CBD.

16.     Around June 2019, after discovering that On Faith Donut Shop had ceased operating, Charles moved PEEWEE'S CRAB CAKES ON THE GO from the CBD back to On Faith Donut Shop's former location at 2908 Martin Luther King Blvd. where he continues to operate today.

17.     On or around August 2020, Charles opened a second, dine-in location at 4500 Old Gentilly Road in New Orleans operating under the nearly identical trademark variant PEEWEE'S CRAB CAKES.

18.     Additionally, Charles also began operating food trucks in 2021 that appear at various festivals and other public events in Texas, Alabama, Georgia, and other areas that offer seafood under the PEEWEE'S CRAB CAKES ON THE GO trademark.

19.     On or around December 2022, yet another location of PEEWEE'S CRAB CAKES ON THE GO was opened in Garland, Texas.

20.     In addition to the word marks, Charles also uses a crab logo in advertisements for his business, as follows:



(hereinafter, the "Peewee Logo")

21.    Charles also created a signature style for his restaurants, and all of his restaurants use these same overall distinctive trade dress designs.  This includes a distinctive color scheme, red-and-blue wave design, font style, design arrangement, interior paint and designs, and menu appearance. Through use and advertising of Plaintiffs' distinctive trade dress designs, Plaintiffs' restaurants have become immediately recognizable to the public. The following is a photograph evidencing the distinctive trade dress of Plaintiffs' restaurants:



(hereinafter, the "Peewee Trade Dress").

5

22. Consequently, and at all relevant times, Charles has been the exclusive owner of the "PEEWEE'S CRAB CAKES" trademark, the "PEEWEE'S CRAB CAKES ON THE GO" trademark, the Peewee Logo, and the Peewee Trade Dress (hereinafter, collectively, The "Peewee Trademarks"). Charles licenses the Peewee Trademarks to his business.

23. As a result of the foregoing continuous and exclusive use of the Peewee Trademarks, and similar variants, Plaintiffs have acquired common law trademark rights to the Peewee Trademarks dating back at least as early as June 2018.

24. As a result of the continuous, substantial, and exclusive use of the Peewee Trademarks, consumers readily associate the Peewee Trademarks with Charles Armstrong and his businesses.

25. On September 14, 2022, Plaintiffs registered the Peewee Logo with the Louisiana Secretary of State, which bears Charter number 43297310K.

## Defendants' Actions

26. Due to the rapid growth of his seafood business, Charles decided to form the LLC in late 2018. He asked his sister, Defendant Aneka Armstrong, to assist with filing the appropriate formation documents with the Louisiana Secretary of State. He sought Aneka's assistance because he believed she had previous experience with forming other entities in Louisiana.

27. When Charles went to a local bank to establish a business account for the LLC, he first discovered that Aneka, without authorization, and unbeknownst to Charles, had surreptitiously added herself as a managing member and a registered agent of Peewee Crab Cakes On The Go LLC when she filed the original LLC

6

formation documents.

28.     Aneka unilaterally included herself as a member of the LLC even though she was residing in Texas and was never involved in the operation of any of Plaintiffs' food businesses or the creation of his recipes, nor did she contribute any capital or otherwise help finance the establishment or operation of the businesses. Charles immediately filed the required documentation with the Louisiana Secretary of State to have Aneka removed as a member, manager, and registered agent of the LLC. Aneka's surreptitious inclusion of herself as a manager, member and registered agent was a breach of her fiduciary duty as Plaintiffs' limited agent to form The LLC on Charles' behalf.

29.     Aneka apologized at the time and claimed that her actions had been inadvertent. Consequently, the two reconciled.

30.     Sometime in early 2021, Charles began negotiating with Aneka to open a Peewee's franchise in or around Waco, TX that would do business as Peewee's Crab Cakes and Daiquiris. Charles presented a franchise agreement to Aneka that required a franchise fee of $20,000 and a royalty of 20% of all gross retail sales generated by the franchise.

31.     In furtherance of the franchise arrangement, Aneka located a building in which the business would operate, but the landlord insisted that Charles cosign the lease since he is the "face of" the Peewee's franchise. Based on Aneka's representations that she would enter into a franchise agreement with Charles, Charles in fact cosigned the lease and advanced all requisite deposits totaling $15,000.

32.     Thereafter, the landlord withdrew the offer to lease the building, but offered an alternative location that would house the proposed franchise. Because the alternative building required substantial renovations to accommodate a restaurant, and, again, based on Aneka's representations that she would enter into a franchise agreement with Charles, Charles gave Aneka an additional $30,000 to finance the needed renovations.

33.     Around the same time the alternative location was being renovated, and in furtherance of her oral agreement to operate a Peewee's franchise, Charles invited Aneka to live with him in Kenner, Louisiana for three months to train in his kitchen. Aneka had never been a chef, had never worked for Peewee's or in any other kitchen, and had no experience in the food business whatsoever, so adequate training was paramount to her operating a Peewee's franchise.

34.     After Aneka finished her Peewee's franchise training, she returned to Texas, but never signed the franchise agreement and discontinued any further contact.

35.     Charles subsequently learned that Aneka and/or Defendant House of Meow Boutique LLC was operating a competing business under the identical trademark "PEEWEE'S CRAB CAKES ON-THE-GO" in Hewitt, TX.

36.     Plaintiffs further discovered that on February 10, 2022, Aneka filed trademark application no. 97262326 with the United States Patent & Trademark Office ("USPTO") for "PEEWEE'S CRABCAKES ON-THE-GO," which has been published for opposition and will register as a trademark shortly.

37.     Plaintiffs also discovered that on or around March 12, 2021, Defendant

8

House of Meow had filed an Assumed Name Certificate with the Texas Secretary of State asserting that House of Meow was operating, or intending to operate, under the assumed name "Peewees Crab Cakes on the Go."

38.     Defendants' infringing conduct was shocking in its thoroughness. Defendants unabashedly adopted the entirety of the Peewee Trademarks, including all trademarks, logos, and trade dress. Defendants' even copied Plaintiffs' menu and its designs, nearly verbatim.

39.     Below is a photograph of Defendants' restaurant evidencing the infringing use of the Peewee Trademarks, including Plaintiffs' distinctive color scheme, red and blue wave design, font style, and design arrangement:



40.     Additionally, Defendants include "#3" on their signage in an attempt to deceive consumers into believing that Defendants' restaurant is the third restaurant in the chain and is therefore associated with Plaintiffs' restaurants.

41.     Further,   Defendants   also   registered   the   domain   name www.peeweescrabcakesoftexas.com (the "Infringing Website") with the bad faith intent to profit from the Peewee Trademarks.

42.     Upon information and belief, Defendants jointly operate and control the Infringing Website, and the website uses the Peewee Trademarks throughout.

43.     When confronted about her unauthorized use of Plaintiffs' trademark and trade name, Aneka vindictively posted a letter on her personal Facebook account from the Internal Revenue Service addressed to Plaintiff, Peewee Crab Cakes On The Go LLC, that disclosed The LLC's confidential tax information, including its tax identification number. The posting of confidential information such as a tax identification number in a public forum was likewise a breach of her fiduciary duty as Plaintiffs' former agent.

## CLAIMS FOR RELIEF

### COUNT I – LAW TRADEMARK INFRINGEMENT & UNFAIR COMPETITION
### 15 U.S.C. § 1125(a)

44.     Plaintiffs incorporate herein by reference each and every averment contained in the foregoing paragraphs as if fully set forth herein.

45.     Defendants' use of the Peewee Trademarks is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendants' restaurant services and food are being offered by, affiliated with, or otherwise associated with Plaintiffs' services. Such conduct constitutes unfair trade practices and unfair competition pursuant to 15 U.S.C. §1125(a) thereby subjecting Defendants to damages.

46.    Defendants' acts constitute common law trademark infringement and unfair competition and have created, and will continue to create a likelihood of confusion, unless restrained by this Court.

47.    The threat of the loss of Plaintiffs' right to control the use of their marks and the reputation of their goods and services is real and substantial. This loss is further enhanced by the inferior quality of Defendants' products and services.

48.    Defendants' acts described herein infringe Plaintiffs' marks, injure Plaintiffs' business, reputation, and goodwill, and unless restrained and enjoined will continue to do so, all to Plaintiffs' monetary damage and irreparable harm.

49.    Plaintiffs are entitled to damages equal to Defendants' profits, damages sustained by Plaintiffs, and costs. Plaintiffs are further entitled to an amount up to three times the amount found as actual damages.

50.    Further, and upon information and belief, Defendants acted with full knowledge of Plaintiffs' longstanding use of, and common law rights to, the Peewee Trademarks without regard to the likelihood of confusion of the public created by Defendants' activities.

51.    Further, Defendants' actions are likely to demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiffs' trademarks and trade name causing great and irreparable injury to Plaintiffs.

52.    In the event that Defendants' actions are proven to be deliberate and malicious, Plaintiffs will be entitled to punitive damages. Defendants' unlawful acts create "an exceptional case," thereby subjecting Defendants to treble damages, reasonable attorney fees, costs, and expenses pursuant to §35(a) of the Lanham Act,

15 U.S.C. § 1117(a).

## COUNT II – FALSE DESIGNATION OF ORIGIN
## 15 U.S.C. § 1125(a)

53.     Plaintiffs incorporate herein by reference each and every averment contained in the foregoing paragraphs as if fully set forth herein.

54.     Defendants' confusingly similar use of the Peewee Trademarks creates a false designation of origin and false representation of Defendants' goods and services, all in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

55.     The threat of the loss of Plaintiffs' right to control the use of their marks and the reputation of their goods and services is real and substantial. This loss is further enhanced by the inferior quality of Defendants' restaurant services and food served therein.

56.     Defendants' acts described herein infringe Plaintiffs' mark, will injure Plaintiffs' business, reputation, and goodwill, and unless restrained and enjoined will continue to do so, all to Plaintiffs' monetary damage and irreparable harm.

## COUNT III – LIABILITY FOR ACTS CAUSING DAMAGES
## LA. CIV. CODE 2315

57.     Plaintiffs incorporate herein by reference each and every averment contained in the foregoing paragraphs as if fully set forth herein.

58.     Defendants are liable for damages under Louisiana Civil Code Article 2315 for damages caused by the above-described wrongful acts, as set forth in detail above.

## COUNT IV – LOUISIANA UNFAIR TRADE PRACTICES
## LA. R.S. 51:1409

59.     Plaintiffs incorporate herein by reference each and every averment contained in the foregoing paragraphs as if fully set forth herein.

60.     The above-described wrongful acts constitute unfair or deceptive acts or practices, in violation of La. R.S. 51:1409, *et seq.*, and entitle Plaintiffs to recover actual damages.

61.     In the event that Plaintiffs show that Defendants' actions were done knowingly, after being put on notice by the attorney general, Plaintiffs will be entitled to three times the damages sustained and attorneys' fees.

## COUNT V –TEXAS DECEPTIVE TRADE PRACTICES-CONSUMER
## PROTECTION ACT (DTPA)
## TEX. BUS. & COM. CODE § 17.42, *et seq.*

62.     Plaintiffs incorporate herein by reference each and every averment contained in the foregoing paragraphs as if fully set forth herein.

63.     The above-described wrongful acts constitute unfair or deceptive acts or practices, in violation of Tex. Bus. & Com. Code § 17.42, *et seq.*, and entitle Plaintiffs to recover actual damages.

64.     In the event that Plaintiffs shows that Defendants' actions were done knowingly, Plaintiffs will be entitled to three times the damages sustained and attorneys' fees.

## COUNT VI – LOUISIANA TRADEMARK INFRINGEMENT
## LA. REV. STAT. §51:222

65.     Plaintiffs incorporate herein by reference each and every averment contained in the foregoing paragraphs as if fully set forth herein.

66. The above-described wrongful acts constitute infringement of Plaintiffs' trademark under Louisiana Trademark law, La. Rev. Stat. §51:222.

## COUNT VII - LOUISIANA TRADEMARK DILUTION
## LA. REV. STAT. § 51:222.1

67. Plaintiffs incorporate herein by reference each and every averment contained in the foregoing paragraphs as if fully set forth herein.

68. The above-described wrongful acts constitute dilution (or dilution by blurring) of the Peewee Trademarks and injury to Plaintiffs' business reputation (dilution by tarnishment) under Louisiana Trademark law, La. Rev. Stat. §§ 51:222.1.

## COUNT VIII - BREACH OF CONTRACT
## & QUASI-CONTRACTUAL CLAIMS
## LA. CIV. CODE ART. 1967, 1995, & 2298

69. Plaintiffs incorporate herein by reference each and every averment contained in the foregoing paragraphs as if fully set forth herein.

70. The above-described wrongful acts constitute breach of contract under Louisiana law for which Plaintiffs are entitled to recover damages pursuant to Louisiana Civil Code Article 1995, including recovery of the $45,000 Plaintiffs advanced to establish the franchise.

71. Additionally, the above-described wrongful acts constitute the quasi-contractual claims of detrimental reliance and *quantum meruit* under Louisiana law for which Plaintiffs are entitled to recover damages pursuant to Louisiana Civil Code Article 1967 and 2298.

## COUNT IX-BREACH OF FIDUCIARY DUTY

72. As an authorized agent of Plaintiffs when establishing The LLC,

Defendant Aneka Armstrong owed Plaintiffs a fiduciary duty according to La. Civ. C. art. 2989 *et seq* including a prohibition against self-dealing.

73.    Defendant breached such duty by clandestinely adding herself as a member, a manager, and a registered agent to the LLC without authority.

74.    Accordingly, she is liable for all damages and costs caused by the breach under La. Civ. C. art 2989 *et seq.*

**COUNT IX - CANCELLATION OF TRADEMARK REGISTRATION**
**15 U.S.C. § 1064 AND § 1119**

75.    Plaintiffs incorporate herein by reference each and every averment contained in the foregoing paragraphs as if fully set forth herein.

76.    Defendant Aneka filed U.S. trademark application no. 97262326 with the USPTO for the mark "PEEWEES CRABCAKES ON-THE-GO" knowing that Plaintiffs had previously used the identical mark well before Defendants.

77.    When filing the application, Aneka signed a sworn declaration that "To the best of the signatory's knowledge and belief, no other persons, except, if applicable, concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive."

78.    Defendants signed and submitted the false declaration despite "being warned that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. § 1001, and that such willful false statements and the like may jeopardize the validity of the application or submission or any

registration resulting therefrom, declares that all statements made of his/her own knowledge are true and all statements made on information and belief are believed to be true."

79.     Aneka signed and submitted the false declaration knowing that Plaintiffs had previously and exclusively used the identical mark at least three years prior to her alleged and infringing use.

80.     Moreover, Aneka asserted in the declaration that she first used the mark as early as December 1, 2018, which is demonstrably false as described above.

81.     Submitting the foregoing false statements constitutes fraud upon the USPTO, subjecting any registration issuing on the application to cancellation.

82.     Irrespective of Defendants' fraudulent procurement of a trademark registration, Plaintiffs' prior use of the identical mark constitutes valid grounds to cancel any registration that issues on the application.

83.     Therefore, any registration issuing on application no. 97262326 should be cancelled.

## COUNT X - LIABILITY FOR FALSE OR FRAUDULENT REGISTRATION
## 15 U.S.C. § 1120

84.     Plaintiffs incorporate herein by reference each and every averment contained in the foregoing paragraphs as if fully set forth herein.

85.     As set forth above, Defendant Aneka knowingly filed materially false statements in connection with her trademark application. Consequently, federal trademark serial no. 97262326, and its ensuing registration, is invalid and unenforceable.

86.     Under 15 U.S.C. § 1120, Defendant Aneka is liable for damages that Plaintiffs have incurred stemming directly from the acquisition of a trademark registration by false or fraudulent representations by Aneka.

## COUNT XI - CYBERSQUATTING
### 15 U.S.C. § 1125(d)

87.     Plaintiffs incorporate herein by reference each and every averment contained in the foregoing paragraphs as if fully set forth herein.

88.     The Peewee Trademarks are inherently distinctive and have acquired secondary meaning in the marketplace. These marks are widely recognized by the relevant consuming public as a symbol of the quality and goodwill associated with Plaintiffs' goods and services.

89.     Defendants have, without authorization or consent from Plaintiffs, registered the Infringing Website, https://www.peeweescrabcakesoftexas.com/, which is confusingly similar to the Peewee Trademarks.

90.     Defendants registered the Infringing Domain Name with the bad faith intent to profit from Plaintiffs' trademarks and goodwill by causing confusion and mistake among consumers as to the source, sponsorship, affiliation, or endorsement of the website associated with the Infringing Website.

91.     Defendants' registration and use of the Infringing Website constitutes cybersquatting in violation of the Anticybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d).

92.     As a direct and proximate result of Defendants' cybersquatting, Plaintiffs have suffered and continue to suffer damages, including but not limited to

actual damages, lost profits, and harm to their goodwill and reputation.

## COUNT XII – FRAUD
### LA. CIV. CODE ART. 1953, *et seq.*

93.     Plaintiffs incorporate herein by reference each and every averment contained in the foregoing paragraphs as if fully set forth herein.

94.     The foregoing acts, including false representations to Plaintiffs concerning Defendants' intent on establishing an authorized franchise in Texas, constitute civil fraud.

95.     As direct consequences of the actions of Defendants, including fraudulent representations made with the intention to obtain an unjust advantage for Defendants and loss to Plaintiffs, Plaintiffs have suffered damages including past, present and future economic loss and loss of income.

## JURY DEMAND

96.     Plaintiffs hereby demand a trial by jury according to Fed. Rule Civ. Pro. 38.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

a.  For entry of a preliminary and permanent injunction immediately and without bond enjoining Defendants from any use or display of Plaintiffs' PeeWee Trademarks, or any variant thereof;

b.  For entry of judgment against Defendants for all damages to which Plaintiffs may be entitled, including Defendants' profits and for damages in an amount as may be proven at trial, together with any applicable statutory damage enhancements, including treble damages;

c.  For entry of judgment against Defendants assigning the Infringing Website over to Plaintiffs;

d.  For prejudgment and post-judgment interest according to law;

e.  For Plaintiffs' attorneys' fees, and full costs and disbursements in this action;

f.  For cancellation of any registration resulting from U.S. Trademark Application no. 97262326 currently pending before the U.S.P.T.O.; and

g.  For such other and relief as the court may find appropriate.

Respectfully Submitted,

 /s/ kenneth l tolar
Kenneth L. Tolar (Bar No. 22641)
Brad E. Harrigan (Bar. No. 29592)
**TOLAR HARRIGAN & MORRIS LLC**
8630 Oak St.
New Orleans, LA 70118
Telephone: (504) 571-5317
Facsimile: (504) 571-5437
ktolar@nolaipa.com
bharrigan@nolaipa.com

***Counsel for Plaintiffs***

19

## VERIFICATION

Pursuant to 28 U.S.C. §1746, Charles Armstrong declares under penalty of perjury as follows:

1. He is the sole manager and member of Peewee Crab Cakes On The Go LLC.

2. In such capacity, he has authority to make this verification on behalf of himself and Plaintiff Peewee Crab Cakes On The Go LLC.

3. He has read the foregoing Complaint and swears under oath that the facts and matters alleged and contained therein are true and correct to the best of his knowledge and belief.

4. He has made this verification either upon his own personal knowledge of the facts involved or based upon the books and records customarily kept and maintained by Plaintiff.

Charles Armstrong